**Jerome FRANKS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted March 16, 1977.

Decided April 29, 1977.

Donald W. Huntley, Asst. Public Defender, Wilmington, for defendant below, appellant.

Harrison F. Turner, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

Defendant appeals his conviction by a Superior Court jury of first degree rape, 11 *Del.C.* § 764,[1] second degree kidnapping, 11 *Del.C.* § 783,[2] and first degree burglary, 11 *Del.C.* § 826,[3] contending that the Trial Court erred in refusing to hear impeachment testimony at a suppression hearing. We disagree.

### I.

According to the victim, she was confronted in her home, at about 5:00 a. m., by a knife-wielding assailant who forced her to perform multiple acts of sexual intercourse with him. The victim later described to the police the clothing worn by the assailant and identified defendant as the assailant.

A search warrant was obtained by the police and used to seize articles of defendant's clothing and a knife, which were introduced at trial over defendant's objection. The Trial Court refused to hear evidence offered at the suppression hearing to impeach the averments of the affidavit used to establish probable cause for the issuance of the search warrant.

At trial, defendant did not deny that he had had intercourse with the victim, asserting the defense of consent.

### II.

Defendant contends that the Trial Court erred in refusing to hear testimony at the suppression hearing which would have impeached the affidavit establishing probable cause for the search warrant; that this violated the Fourth Amendment prohibition against unreasonable searches and seizures and the requirement that no search warrant shall issue but upon probable cause, supported by oath or affirmation. There is no attack upon the validity of the warrant on its face, and the United States Supreme Court has left open the extent to which a supporting affidavit may be challenged for accuracy. *Rugendorf v. United States,* 376 U.S. 528, 531–32, 84 S.Ct. 825, 827–28, 11 L.Ed.2d 887, 891 (1964). The majority of the jurisdictions considering this question have decided that no attack upon the veracity of an underlying affidavit may be made.

1. 11 *Del.C.* § 764 provides:
   "A male is guilty of rape in the first degree when he intentionally engages in sexual intercourse with a female without her consent, and
   "(1) In the course of the offense he inflicts serious physical, mental or emotional injury upon the victim, or
   "(2) The victim was not the defendant's voluntary social companion on the occasion of the crime and had not previously permitted him sexual contact."
   "Rape in the first degree is a class A felony."

2. 11 *Del.C.* § 783 provides:
   "A person is guilty of kidnapping in the second degree when he unlawfully restrains another person with any of the following purposes:
   "(1) To hold him for ransom or reward; or
   "(2) To use him as a shield or hostage; or
   "(3) To facilitate the commission of any felony or flight thereafter; or

   "(4) To inflict physical injury upon him, or to violate or abuse him sexually; or
   "(5) To terrorize him or a third person;
   and the actor voluntarily releases the victim alive, unharmed, and in a safe place prior to trial."
   "Kidnapping in the second degree is a class B felony."

3. 11 *Del.C.* § 826 provides:
   "A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling at night with intent to commit a crime therein, and when, in effecting entry or when in the dwelling or in immediate flight therefrom, he or another participant in the crime:
   "(1) Is armed with explosives or a deadly weapon; or
   "(2) Causes physical injury to any person who is not a participant in the crime."
   "Burglary in the first degree is a class B felony."

580

See 68 Am.Jur.2d *Searches and Seizures* § 66 (1973). We agree with the majority rule for two reasons. First, it is the function of the issuing magistrate to determine the reliability of information and credibility of affiants in deciding whether the requirement of probable cause has been met. There has been no need demonstrated for interfering with this function. Second, neither the probable cause nor suppression hearings are adjudications of guilt or innocence; the matters asserted by defendant are more properly considered in a trial on the merits. See *State v. Petillo,* 61 N.J. 165, 293 A.2d 649 (1972), cert. denied, 410 U.S. 945, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973); *Carter v. State,* 274 Md. 411, 337 A.2d 415 (1975).

Because of the resolution of this issue there is no need to consider defendant's other contentions, relating to the evidence that would have been introduced for impeachment purposes.

Affirmed.