Jerome **FRANKS**, Defendant Below, Appellant,

v.

**STATE** of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted on Re-Argument Jan. 11, 1979.

Decided Jan. 31, 1979.

Dean C. Johnson, Dover, for defendant below, appellant.

Harrison F. Turner, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

The United States Supreme Court, reversing a decision of this Court, has held that a defendant in a criminal proceeding has a right to an evidentiary hearing under the Fourth and Fourteenth Amendments,

subsequent to the *ex parte* issuance of a search warrant, to challenge the truthfulness of factual statements made in supporting affidavits if the defendant makes a substantial preliminary showing that the affiant included a false statement knowingly and intentionally, or with reckless disregard for the truth, in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause. *Jerome Franks, Petitioner, v. State of Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Franks v. State,* Del.Supr., 373 A.2d 578.

Speaking for the majority, Justice Blackman stated:

"In the present case the Supreme Court of Delaware held, as a matter of first impression for it, that a defendant under no circumstances may so challenge the veracity of a sworn statement used by police to procure a search warrant. We reverse, and we hold that, where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same

extent as if probable cause was lacking on the face of the affidavit."

\* \* \* \* \* \*

"In sum, and to repeat with some embellishment what we stated at the beginning of this opinion: There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth Amendment, to his hearing. Whether he will prevail at that hearing is, of course, another issue." [1]

1. The dissenting opinion written by Justice Rehnquist, with whom Chief Justice Burger joins, expressing concern over the result of the majority's ruling states in part:

"The Court's opinion in this case carefully identifies the factors which militate against the result which it reaches, and emphasizes their weight in attempting to limit the circumstances under which an affidavit supporting a search warrant may be impeached. I am not ultimately persuaded, however, that the Court is correct as a matter of constitu-

tional law that the impeachment of such an affidavit must be permitted under the circumstances described by the Court, and I am thoroughly persuaded that the barriers which the Court believes that it is erecting against misuse of the impeachment process are frail indeed."

\* \* \* \* \* \*

"I greatly fear that this generalized language will afford insufficient protection against the natural tendency of ingenious lawyers charged with representing their

It appears in the affidavit under attack in this case that the victim was allegedly raped at knifepoint at her residence by "an unknown black male, approximately 5'7", 150 lbs., dark complexion, wearing white thermal undershirt, black pants with a belt having a silver or gold buckle, a brown leather ¾ length coat with a tie belt in the front and a dark knit cap pulled around the eyes." It further appears that:

"15. On Tuesday, 3/9/76, your affiant contacted Mr. James Williams and Mr. Wesley Lucas of the Delaware Youth Center where Jerome Franks is employed and did have personal conversation with both these people.

16. On Tuesday, 3/9/76, Mr. James Williams revealed to your affiant that the normal dress of Jerome Franks does consist of a white knit thermal undershirt and a brown leather jacket.[2]

17. On Tuesday, 3/9/76, Mr. Wesley Lucas revealed to your affiant that in addition to the thermal undershirt and jacket, Jerome Franks often wears a dark green knit hat."

Based upon the facts stated, the Magistrate found probable cause and issued the search warrant. Pursuant thereto, the police searched defendant's apartment and found a white thermal undershirt, a knit hat, dark pants, a leather jacket, and a single-blade knife, all of which were introduced into evidence at trial which resulted in defendant's conviction.

Prior to trial, defense counsel moved to suppress the clothing and knife alleging that the warrant on its face did not show probable cause and that the ensuing search and seizure were in violation of the Fourth and Fourteenth Amendments. At the suppression hearing, defense counsel amended the challenge to include an attack on the veracity of the affiant's statements. Additionally, counsel requested the right to call as witnesses Lucas and Morrison asserting they would testify they had not been personally interviewed by the warrant affiant as stated in paragraphs 15, 16 and 17 of the affidavit and that the misstatements were included in "bad faith."

Because of this Court's original resolution of this appeal by a determination that no attack upon the veracity of a search warrant affidavit could be made, appellant's contentions relating to the proffer of evidence that would have been introduced for impeachment were not considered.

■ Defendant's petition for certiorari to the United States Supreme Court presented only the issue of whether the Trial Court had erred in refusing to consider his allegation of misrepresentation in the warrant affidavit. By reversing this Court's absolute rule the United States Supreme Court answered that issue in the affirmative if the guidelines for mandating an evidentiary hearing laid down in the Court's opinion by Justice Blackmun are met. Assuming for purposes of this case only that defendant has met the requirements of those guidelines, we turn to the proffered evidence to determine that if by setting the alleged false paragraphs of the warrant affidavit aside there remains sufficient content to support a finding of probable cause. Excised of the alleged false paragraphs the warrant affidavit contains sufficient uncontested allegations to establish probable cause, i. e., the rape occurred a short distance and within sight of where defendant lived; six days prior to the rape defendant had sexually assaulted another female at his residence; the physical description of the rape perpetrator matched the description of defendant; when arrested on an unrelated sex offense, on the day of the rape, defendant stated to a police officer

client's cause to ceaselessly undermine the limitations which the Court has placed on impeachment of the affidavit offered in support of a search warrant. I am sure that the Court is sincere in its expressed hope that the doctrine which it adopts will not lead to 'any new large-scale commitment of judicial resources,' . . . ."

2. The record reveals that the name "James Williams" was incorrectly inserted in the affidavit, the correct name being *James Morrison,* defendant's supervisor at the Youth Center.

that he thought the charge concerned the rape victim and not the person he was arrested for sexually assaulting; the defendant had a prior criminal record involving rape; the items of clothing to be searched for were described by the victim as being worn by defendant at the time of committing the rape. See *Edwards v. State,* Del.Supr., 320 A.2d 701 (1974).

The United States Supreme Court stated in its opinion that the framing of suitable rules to govern proffers challenging the veracity of a sworn statement used by police to procure a search warrant, is a matter suitably left to the States. The State in its argument before the United States Supreme Court contended that Delaware Superior Court Criminal Rule 41(e) is a suitable rule providing an independent and adequate state ground and that defendant had failed to comply with the requirements of the rule.[3] Because this Court disposed of defendant's Fourth Amendment claim of right to attack the veracity of a search warrant affidavit on its merits, without reaching defendant's proffer, the question of right, being a federal question, was left open to review requiring the United States Supreme Court to accept certiorari.

 In future cases attacking the veracity of a sworn statement used by police to procure a search warrant the procedural requirements of Rule 41(e) must be strictly adhered to. In addition to compliance with the requirements of 41(e), affidavits or otherwise reliable statements of witness shall be filed with the motion or their absence satisfactorily explained in the motion.

Based upon the foregoing the judgment of conviction is affirmed.

**3.** Superior Court Criminal Rule 41(e) provides: "Motion for Return of Property and to Suppress Evidence. An application for the return of property and to suppress for use as evidence anything obtained as a result of an unlawful search and seizure shall be made by motion supported by the affidavit of the person on whose behalf the motion is made. The motion shall state the grounds upon which it is made and shall set forth the standing of the moving party to make the application. The motion shall be made before the trial or hearing in which the property seized may be used as evidence, unless opportunity therefor did not exist or the moving party was not aware of the grounds for the motion; but the Court in its discretion may entertain the motion at the trial or hearing. Issues of fact shall be determined by the Court on affidavits or in such other manner as the Court directs."