**James J. CONLOW, Jr., Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 21, 1981.

Decided Feb. 5, 1982.

Edward J. Pankowski (argued), Asst. Public Defender, Wilmington, for defendant below, appellant.

Eugene M. Hall (argued), Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C.J., and DUFFY and HORSEY, JJ.

PER CURIAM:

Defendant appeals his Superior Court jury trial convictions of ˙four felony offenses: Murder First Degree, 11 *Del.C.* § 636(a)(1); Robbery First Degree, 11 *Del.C.* § 832(a)(1); and two counts of Possession of a Deadly Weapon During the Commission of a Felony, 11 *Del.C.* § 1447.

First, defendant contends that the Trial Court erred in allowing the State, over objection, to question him concerning a prior felony charge to which he had entered a guilty plea, but for which he had not yet been sentenced. The term "convicted" as found in 10 *Del.C.* § 4303 is used in its common sense to refer to the establishment of guilt, by plea or conviction, independent of judgment and sentence. *State v. Lowber*, 6 Del. 324, 1 Houst. 324 (1870); *see also Lis v. State*, Del.Supr., 327 A.2d 746 (1978). The meaning of the term "convicted" or "conviction" varies according to the context and purpose of the particular provision—statutory or constitutional—in which it appears or to which it relates. *Martin v. State*, Del.Super., 10 Terry. 344, 116 A.2d 685 (1955) and *Slawik v. Folsom*, Del.Supr., 410 A.2d 512 (1979), relied on by defendant, are inapposite.

There is no merit to defendant's second contention that the Trial Judge violated defendant's due process rights by prematurely making indirect reference to the penalty phase of the hearing. The Trial Judge was properly exercising his administrative duties in alerting the jury before a weekend recess to the possibility of their being sequestered on the following Monday evening after the Court's jury instructions. The Court's comment could not reasonably be construed as referring to any post-conviction consideration or proceedings. *Smith v. State*, Del.Supr., 317 A.2d 20 (1974) is inapposite.

■ Third, defendant contends that the Trial Court committed reversible error in denying his motion for a *Franks* veracity hearing to attack the affidavit supporting the search warrant of defendant's residence. *See Franks v. State,* Del.Supr., 373 A.2d 578 (1977), rev. 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), on remand, Del.Supr., 398 A.2d 783 (1979). Defendant's *Franks* motion was based entirely upon a brief statement of the State's chief witness, the co-defendant, made 63 days after the crime, that defendant "could" still have possession of victim's stolen property. The statement, in context and standing alone, was wholly inadequate to establish a "deliberate falsehood . . . or reckless disregard" for the truth to mandate an evidentiary hearing under *Franks v. State, supra.* We agree with the Court below that the co-defendant's statement was "not necessarily inconsistent" with the affiant's statement and "certainly does not rise to the level required under *Franks.*" Considering the nature of the property involved, three 8-track tapes, the time lapse between the crime and the co-defendant's statement was not sufficient to raise a probable cause issue. *See State v. Carbone,* Conn.Supr., 172 Conn. 242, 374 A.2d 215 (1977); *United States v. Brinklow,* 10th Cir., 560 F.2d 1003 (1977).

■ There is no merit to defendant's fourth contention that the Trial Court either erred as a matter of law or abused its discretion in not requiring the State to elect before trial which of its two-count indictments for first degree murder it would prosecute to judgment. In addition to charging defendant with an intentional killing (for which he was convicted), defendant was charged with felony murder in recklessly causing the death of the same victim during the commission of a robbery, in violation of 11 *Del.C.* § 636(a)(2). Defendant argues that because the statutes involve inconsistent or contradictory mental elements, failure of the Trial Court to require an election constituted an abuse of discretion if not legal error. The overwhelming weight of authority on joinder of offenses is contrary to defendant's position. The general rule on joinder is that, "[t]he same offense may be charged by several counts, as having been committed in different ways or by different methods, in order to anticipate and accommodate every possible contingency in the evidence." 2 *Wharton's Criminal Procedure* § 296 (12th Ed. 1975); *State v. Nelson,* N.H.Supr., 103 N.H. 478, 175 A.2d 814 (1961). The evidence in this case arguably supported both murder theories. Hence, the State was entitled to prosecute and try defendant for both offenses. *See* 11 *Del.C.* § 206(a) distinguishing between prosecution and conviction of multiple offenses. Here, the prosecution entered a *nolle prosequi* to the felony murder count before the case was submitted to the jury.

■ Defendant next argues that a new trial is required because the State's chief witness, the co-defendant, gave perjured testimony with the State's knowledge and acquiescence. The witness (who had pled guilty to second degree murder, robbery first degree, a weapons offense and conspiracy second degree) testified that defendant had choked the victim before shooting him and that afterward he, the co-defendant, had slit the victim's throat. In contrast, the State's medical experts testified that there was no evidence of strangulation and that in their opinion the slashing occurred before the victim was shot. However, through pre-trial discovery, the defense was well aware of the conflict in the State's evidence; and in its opening statement, the State had affirmatively alerted the jury to the inconsistent statements of its expert medical witnesses and the co-defendant. Thus, defendant cannot claim he had been taken by surprise by the co-defendant's testimony so as to be unable to meet it at trial. Clearly, defendant has failed to meet the three-pronged test for mandating a new trial on the basis of perjured testimony. *Larrison v. United States,* 7th Cir., 24 F.2d 82 (1928). The Trial Court's conclusion that the "obvious inconsistencies in the State's case" did not rise to the level of perjured testimony but presented a question of credibility for the jury was not clearly erroneous. Nor is there any evidence of prosecu-

torial misconduct. Here, as in *O'Neal v. State*, Del.Supr., 247 A.2d 207 (1968), there has been no showing that the prosecutor knew that the co-defendant was giving false testimony as to his role in the criminal transaction. Hence, the prosecutor was entitled to use the co-defendant's testimony.

There is no merit as a matter of law to defendant's final contention that he was unlawfully convicted and sentenced for both murder one and robbery one. *Martin v. State*, Del.Supr., 433 A.2d 1025 (1981); *see also Hunter v. State*, Del.Supr., 430 A.2d 476 (1981) and *Evans v. State*, Del. Supr., 430 A.2d 481 (1981).

Affirmed.