[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Marcy Vogel, brings this action against the defendant, the state of Connecticut, and alleges negligence in count one and nuisance in count two of her complaint dated March 26, 1999. On January 7, 1991, the plaintiff alleges, as she was traveling on Interstate 395, approaching the Mell Road overpass, a large boulder was dropped from the overpass onto her windshield and she suffered severe injuries as a result. The Connecticut legislature granted the plaintiff permission to proceed against the defendant on April 15, 1998.
On July 6, 2001, the defendant, pursuant to Practice Book § 10-39, CT Page 5214 filed a motion to strike the plaintiff's complaint in its entirety and filed a memorandum in support of its motion with the court. The defendant moves to strike count one on the ground that the defendant owed the plaintiff no duty as a matter of law and that the duty alleged is a public one and, therefore, the plaintiff cannot sustain her claim of negligence against the defendant, and count two because the acts or omissions alleged do not constitute a nuisance. On November 14, 2001, the plaintiff filed a memorandum in opposition to the motion pursuant to Practice Book § 10-42(b).
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); see also Practice Book § 10-39. The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Jewish Home forthe Elderly of Fairfield County, Inc. v. Cantore, 257 Conn. 531, 538,778 A.2d 93 (2001).
 A Negligence
The defendant moves to strike count one of the plaintiff's complaint, arguing that there is no duty to prevent the intervening criminal acts of unknown third parties nor is there a duty to make the highway safe for the plaintiff. Specifically, the defendant contends that the unknown third party's criminal acts were not within the scope of the risk created by its alleged negligent acts and, therefore, not foreseeable. Also, the defendant avers that the plaintiff was a licensee and not an invitee as alleged and, therefore, it had no duty to make the premises safe. Further, the defendant asserts that the duty alleged is a public duty and because the plaintiff was not an identifiable victim at the time of her injuries, there is no cause of action.
In response, the plaintiff asserts that she has sufficiently alleged the elements of negligence. The plaintiff avers that she alleged that she was an invitee and as such the defendant owed her a duty to make the premises safe and to warn her of any known dangers. Additionally, the plaintiff contends that while the defendant claims that the duty alleged CT Page 5215 is a public duty and that it is immune from suit, the legislature has given her permission to bring this action against the defendant, thus eliminating the defendant's immunity from suit.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). With respect to the first element, duty, the court must consider two factors. "First, it is necessary to determine the existence of a duty, and then, if one is found, it is necessary to evaluate the scope of that duty. . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Citations omitted; internal quotation marks omitted.) Id., 566-67. "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act."Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375, 441 A.2d 640 (1982); see also Gazo v. Stamford, 255 Conn. 245, 251, 765 A.2d 505 (2001).
 1 Public Duty
The defendant's public duty argument will be addressed first. The defendant argues that the duty alleged by the plaintiff is a public duty, for which there is no individual right of action. Specifically, the defendant asserts that because the plaintiff was not, at the time of the incident, an identifiable victim in danger of imminent harm, there is no cause of action. This identifiable victim/imminent harm standard is an exception to governmental immunity. See Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 167, 544 A.2d 1185 (1988) ("[W]here the duty of the public official to act is not ministerial but instead involves the exercise of discretion, the negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal. . . . One exception is when it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm." (Citation omitted; internal quotation marks omitted.)).
In the present case, the plaintiff has alleged that the legislature granted permission to sue by special act. As a result, the state is in CT Page 5216 the same position as a private individual; see § 4-160 (c) of the General Statutes; and is not entitled to claim immunity from suit. Accordingly, the exception to governmental immunity is inapplicable and the defendant's motion to strike count one on this ground is denied.
 2 Duty Based On Entrant Status
The defendant's next argument is that the plaintiff was a licensee and not an invitee and, therefore, it had no duty to the plaintiff to make the highway reasonably safe. "In general, there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee or invitee. . . . A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." (Citations omitted.) Morin v.Bell Court Condominium Assn., Inc., 223 Conn. 323, 327, 612 A.2d 1197
(1992); see also Kurti v. Becker, 54 Conn. App. 335, 338, 733 A.2d 916, cert. denied, 251 Conn. 909, 739 A.2d 1248 (1999).
The plaintiff alleges that she was an invitee. The plaintiff alleges that she was "upon said highway for the purpose for which the highway is held open to the public" and that she was traveling upon the highway "at the express or implied invitation of the defendant." (Complaint, count one, ¶¶ 4, 5.) Taking the facts alleged in the complaint as true, the defendant owed the plaintiff a duty to maintain the highway in a reasonably safe condition.[1]
 3 Scope of Risk Analysis
Despite the above-mentioned duty, the defendant nevertheless argues that it did not owe the plaintiff a duty to protect against criminal acts of third parties. Specifically, the defendant asserts that the intentional conduct that produced the plaintiff's injuries was not within the scope of the risk created by its conduct. The concepts of duty, probable cause, and standing are interrelated and share some analytic characteristics. See Ganim v. Smith Wesson, 258 Conn. 313, 349-51
(2001); and Lodge v. Arett Sales Corp., 246 Conn. 563, 574-77 (1998). All are concerned, in some contexts, with the narrowing of the actionable scope of risk in order to promote a predictable and rational system of jurisprudence. Although, strictly speaking, the issue of duty is one of law for the court to decide; Lodge, supra; the parties have argued cases CT Page 5217 in terms of proximate cause. Because the concepts are related, I will for the moment discuss the issues in terms of proximate cause.
"The `scope of the risk' analysis of `proximate cause' . . . applies where . . . the risk of harm created by the defendant's negligence allegedly extends to an intervening criminal act by a third party." Doev. Manheimer, 212 Conn. 748, 759, 563 A.2d 699 (1989), overruled in part on other grounds, Stewart v. Federated Dept. Stores, Inc., 234 Conn. 597,662 A.2d 753 (1995).
The issue of proximate cause is ordinarily a question of fact for the jury. Doe v. Manheimer, supra, 212 Conn. 756. "It becomes a conclusion of law only when the mind of a fair and reasonable [person] could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier of fact." (Internal quotation marks omitted.) Id., 757.
Connecticut has adopted the standard set forth in § 442B of the Restatement (Second) of Torts, which states that "[w]here the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct." (Internal quotation marks omitted.) Edwards v.Tardif, 240 Conn. 610, 617, 692 A.2d 1266 (1997); see also Ludington v.Sayers, 64 Conn. App. 768, 774, 778 A.2d 262 (2001). In determining whether a harm is within the scope of the risk created, "the harm actually suffered must be of the same general type as that which makes the defendant's conduct negligent in the first instance." (Emphasis in original; internal quotation marks omitted.) Stewart v. Federated Dept.Stores, Inc., supra, 234 Conn. 609. "The reason [for the general rule precluding liability where the intervening act is intentional or criminal] is that in such a case the third person has deliberately assumed control of the situation, and all responsibility for the consequences of his act is shifted to him. . . . Such tortious or criminal acts may in themselves be foreseeable, [however,] and so within the scope of the created risk. . . ." (Citation omitted; internal quotation marks omitted.)Doe v. Manheimer, supra, 212 Conn. 759. "The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized . . . that such a situation might be created, and that a third person might avail himself of the opportunity to CT Page 5218 commit such a tort or crime." (Internal quotation marks omitted.)Stewart v. Federated Dept. Stores, Inc., supra,234 Conn. 611 n. 10.
Doe and Stewart provide insight as to what type of harm falls within the scope of the risk. In Doe, the Supreme Court held that the plaintiff's rape behind bushes on the defendant's property was not within the scope of the risk created by the defendant's conduct. Doe v.Manheimer, supra, 212 Conn. 768. The plaintiff was raped after being pulled behind overgrown bushes and shrubs on the defendant's property which was located in a high crime area. Id., 750. In support of her theory, the plaintiff argued that the character of the neighborhood increased the risk of violent crime between strangers. Id., 760-61. The evidence presented by the plaintiff showed only that nonviolent criminal activity had taken place in the past. Id. The court concluded that the trial court did not err in finding that, as a matter of law, the jury could not find that the defendant's negligent failure to remove the overgrowth in violation of the housing code was the proximate cause of the plaintiff's injuries. Id., 770. It stated that "there was no evidence tending to demonstrate that the defendant had had any past experience that might reasonably have led him to perceive and act on the atypical association between "natural shields' such as overgrown vegetation and violent crime activity." Id., 762.
In contrast, the Supreme Court in Stewart did find that the murder of a business invitee in a parking garage next to Bloomingdale's was within the foreseeable scope of risk created by the defendant's negligent conduct. Stewart v. Federated Dept. Stores, Inc., supra, 234 Conn. 613. The court based this decision on evidence which indicated that the defendant had both actual and constructive notice of prior robberies, which had escalated into physical violence, and other violent crimes that had occurred in the garage. Id., 613. Further, there was evidence that the defendant had been told by its employees and other security personnel of a problem with lack of security, including not enough guards and inadequate lighting in the garage. Id., 601-02. The court stated that "a jury reasonably could have concluded that the constant presence of individuals, encumbered with their purchases, returning to their vehicles in a parking structure that was not enclosed and that was either unguarded or insufficiently guarded, served as an invitation to criminals, an invitation that had been accepted on several previous occasions." Id., 613. Thus, the court concluded that the intentional criminal act of a third party was within the foreseeable scope of the risk created by the negligent conduct of the defendant. Id.
Doe, Stewart, and Arett were all decided after trials, when the facts were fully fleshed out. Here, the plaintiff has alleged that the CT Page 5219 defendant did not exercise reasonable care in the circumstances; what the circumstances were, and what the state knew, presumably will be developed at trial. There may be facts which are sufficient to support the conclusion that the harm was within the foreseeable scope of the risk created by not providing fencing.[2] In the circumstances, I find that facts could exist, and could be admissible under the pleadings, which would show the existence of an actionable duty, and, presumably, probable cause. The motion to strike is denied, then, as to count one.
 B Nuisance
The defendant argues that count two of the plaintiff's complaint should be stricken because the plaintiff fails to allege the necessary elements of a nuisance claim. Specifically, the defendant contends that the plaintiff has failed to allege that the use of the land was unreasonable. Additionally, the defendant avers that the plaintiff has failed to allege that the defendant's acts or omissions were the proximate cause of the plaintiff's injuries. Finally, the defendant argues that the plaintiff has failed to allege a natural tendency to create danger.
"A nuisance, whether public or private, describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." Quinnett v. Newman, 213 Conn. 343, 348, 568 A.2d 786
(1990). "A common-law nuisance claim consists of four core elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damages." (Internal quotation marks omitted.)Elliott v. Waterbury, 245 Conn. 385, 420, 715 A.2d 27 (1998).
In count two of her complaint, the plaintiff alleges that she was "driving upon the highway system . . . as a member of the general public" and that the bridge "in the condition in which it existed at the time of the plaintiff's injury, constituted a nuisance." (Complaint, count two, ¶¶ 12, 13.) The plaintiff also alleges that her injuries "were the result of the defendant's creation of such nuisance and/or its conduct in allowing the same to continue in existence." (Complaint, count two, ¶ 14.)
The plaintiff has not alleged facts sufficient to support the conclusions that the condition which caused her injury had a natural tendency to create danger and inflict injury upon person or property and that such danger was a continuing one. Further, the plaintiff fails to CT Page 5220 allege that the use of the land was unreasonable or unlawful. Finally, the plaintiff fails to allege that the existence of the nuisance was the proximate cause of her injuries. Viewing the complaint in the light most favorable to the plaintiff, I find that the plaintiff has not alleged facts supporting the elements of a common-law nuisance claim. Thus, the defendant's motion to strike count two of the plaintiff's complaint is granted.
 CONCLUSION
The motion to strike is denied as to count one and granted as to count two.
Beach, J.