IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEROME FRANKS, | § | |
| | § | No. 133, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 89K01032DI (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: July 20, 2023
Decided: October 17, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Jerome Franks, appeals the Superior Court's summary dismissal of his ninth motion for postconviction relief. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Franks' opening brief that his appeal is without merit. We agree and affirm.

(2)    Following a jury trial in 1976, Franks was found guilty of first-degree rape, first-degree burglary, and second-degree kidnapping. The Superior Court imposed a life sentence for Franks' rape conviction and imposed an aggregate

sentence of fifty years of incarceration for the burglary and kidnapping convictions. We affirmed Franks' convictions and sentence on direct appeal.[1]

(3) Franks, aka Oyaide Haamid Salaah, then filed a timely motion for postconviction relief in which he argued, among other things, that the State failed to disclose to the defense a FBI report that compared a sample of his hair with hair collected at the crime scene and found no correlation between the two. The Superior Court denied the motion, and this Court affirmed on appeal.[2] In relevant part, we noted that the FBI report was "inconclusive" and that "[t]he Superior Court judge expressly found that the State made available the … FBI report[] to [defense] counsel."[3] Because Franks had admitted that he was present at the crime scene and that he had engaged in various sexual acts with the victim, we further observed that even if the State had failed to disclose the FBI report, Franks was unable to show that the failure had affected the outcome of his trial. Between 1988 and 2016, Franks filed seven motions for postconviction relief, all of which were denied.[4]

(4) In March 2023, Franks filed his ninth motion for postconviction relief. Although captioned as a motion for postconviction relief, the first paragraph of the motion cites both Superior Court Criminal Rule 61 (under which a movant may seek

[1] *Franks v. State*, 398 A.2d 783 (Del. 1979).
[2] *Salaah v. State*, 1987 WL 36704 (Del. Feb. 12, 1987).
[3] *Id.* at *1.
[4] *See Franks v. State*, 2016 WL 153642 (Del. Jan. 11, 2016) (affirming the denial of Franks' seventh motion for postconviction relief); *Salaah v. State*, 1991 WL 165559 (Del. July 11, 1991) (affirming the denial of Franks' third motion for postconviction relief).

postconviction relief) and Superior Court Criminal Rule 35(a), (under which a movant may seek the correction of an illegal sentence). On March 29, 2023, the Superior Court summarily dismissed the motion as procedurally barred under Rule 61. This appeal followed.

(5) Franks raises two arguments on appeal: (i) the aforementioned 1976 FBI report is new evidence of his actual innocence, entitling him to relief under Rule 61; and (ii) his sentence is illegal, and the Superior Court erred by applying Rule 61's procedural bars to his Rule 35(a) motion. Franks' arguments are unavailing.

(6) *First*, contrary to Franks' argument, the existence of the inconclusive FBI forensic report is neither "new" evidence—it was, in fact, made available to the defense more than forty years ago—nor evidence of the appellant's actual innocence, given that the appellant testified at trial that he and the victim had sexual intercourse but that it was consensual. The Superior Court therefore properly denied Franks' motion for postconviction relief, which was procedurally barred under Rule 61(d)(2).[5]

(7) *Second*, it is clear that Franks is not serving an illegal sentence. A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause,

---

[5] Del. Super. Crim. R. 61(d)(2) (providing that a second or subsequent motion for postconviction relief must be summarily dismissed unless the movant was convicted after a trial and pleads with particularity (i) new evidence of actual innocence or (ii) that a new rule of constitutional law, made retroactive to cases on collateral review, applies to the movant's case and renders the conviction invalid).

is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6] Franks' sentence suffers from none of these infirmities.[7]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Abigail M. LeGrow
Justice

---

[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[7] To the extent that Franks argues that he is entitled to conditional release, he is mistaken. *Evans v. State*, 872 A.2d 539, 558 (Del. 2005) (holding that a defendant sentenced to life in prison before the enactment of the 1989 Truth-In-Sentencing Act is not eligible for conditional release and must remain incarcerated until his death, unless he is granted parole).