
## ALEXANDER KURTI *v.* CAROLYN H. BECKER ET AL.
## (AC 17978)

Landau, Sullivan and Daly, Js.

Argued February 25—officially released August 3, 1999

*Scott P. Birrell,* for the appellants (defendants).

*Glory Martyn Lena,* with whom, on the brief, was *William S. Rogers,* for the appellee (plaintiff).

*Opinion*

DALY, J. The defendants, Carolyn H. Becker and Frederick Becker, appeal from the judgment against

them following a jury trial. The defendants claim that the trial court improperly (1) denied their motion for judgment notwithstanding the verdict and (2) refused to charge the jury as they requested. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On Tuesday, January 25, 1994, the eighty-nine year old plaintiff, Alexander Kurti, went to the defendants' house to play his recorder[1] with a group of people who gathered there every Tuesday. The plaintiff went to the defendants' house almost every week for five years. On the morning of January 25, the temperature was below freezing, and the defendants' property, other than the driveway, was covered with snow.

As the plaintiff pulled into the defendants' driveway at about 10 a.m., he noticed that there was some ice on it. The plaintiff parked his car in the spot where he had parked it almost every time that he went to the defendants' home, exited his car, walked around it, opened the passenger side of his car and slipped on the ice, breaking his leg. The defendants neither warned the plaintiff of the icy driveway nor attempted to remove the ice from the driveway.

I

The defendants claim that the trial court improperly denied their motion for judgment notwithstanding the verdict because (1) a reasonable jury could not have found from the evidence presented that the defendants had actual or constructive notice of the specific icy condition that caused the plaintiff to fall and (2) the plaintiff failed to prove that the defendants had breached any duty of reasonable care. We disagree.

[1] A recorder is a wind instrument with eight finger holes and a whistle mouthpiece. Merriam-Webster's Collegiate Dictionary (10th Ed.).

Additional facts are necessary to our resolution of this claim. At the close of the plaintiff's evidence, the defendants filed a motion for a directed verdict, which the trial court denied. The defendants then rested without presenting any evidence. The jury subsequently returned a plaintiff's verdict of $186,135.11, finding the plaintiff 35 percent comparatively negligent. The defendants filed motions to set aside the verdict and for judgment notwithstanding the verdict, which the trial court denied.

"Our Supreme Court has repeatedly stated that directed verdicts are not favored. . . . Nevertheless, the trial court has the power to set aside a jury verdict that, in its opinion, is contrary to either the law or the evidence. . . . A verdict should not be set aside, however, where it is apparent that there was some evidence on which the jury might reasonably have reached its conclusion. . . . Our review of the trial court's action in rendering a judgment notwithstanding the verdict necessitates our considering the evidence in the light most favorable to the party who was successful at trial. . . . The verdict should not be set aside and judgment directed if the jury could reasonably and legally have reached its conclusion." (Citations omitted.) *Salaman* v. *Waterbury*, 44 Conn. App. 211, 214–15, 687 A.2d 1318 (1997), rev'd, 246 Conn. 298, 717 A.2d 161 (1998).

A

The defendants claim that the trial court improperly denied their motion for judgment notwithstanding the verdict because a "reasonable jury could not have found from the evidence that the defendants had actual or constructive notice of the specific icy condition which caused the plaintiff to fall," and, therefore, the evidence could not support the jury's verdict. We disagree.

"In general, there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee or invitee. . . . A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." (Citations omitted.) *Morin* v. *Bell Court Condominium Assn., Inc.*, 223 Conn. 323, 327, 612 A.2d 1197 (1992).

"Invitees fall into certain general categories. A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public. . . . A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. . . . Section § 52-557a of the General Statutes, which provides that [t]he standard of care owed to a social invitee shall be the same as the standard of care owed to a business invitee, in effect recognizes a third kind of invitee, namely, the social invitee. The distinction between one who is an invitee and one who is merely a licensee turns largely on whether the visitor has received an invitation, as opposed to permission, from the possessor of land, to enter the land or remain on the land. Although an invitation itself does not establish the status of an invitee, it is essential to it. Mere permission, as distinguished from invitation, is sufficient to make the visitor a licensee but it does not make him an invitee." (Citations omitted; internal quotation marks omitted). *Corcoran* v. *Jacovino*, 161 Conn. 462, 465–66, 290 A.2d 225 (1971).

An occupier of land is chargeable with constructive notice of defects when dealing with invitees. See *Sokolowski* v. *Medi Mart, Inc.*, 24 Conn. App. 276, 286, 587

A.2d 1056 (1991). "The determinative question is whether the defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have discovered it and remedied it. . . . It is settled that circumstantial evidence can establish constructive notice." (Citation omitted.) Id., 286–87.

We conclude that the jury reasonably could have concluded that the plaintiff was a social invitee. The plaintiff had more than mere permission to be on the defendants' premises because they invited him to be at their house every Tuesday to play his recorder with a group.

After reviewing the evidence in a light most favorable to sustaining the verdict, we conclude that the jury reasonably could have found that the ice was on the defendants' driveway for a period of time sufficient for the plaintiff to have had constructive notice of it. The jury reasonably could have inferred from the evidence that the warm air on the day before the plaintiff's fall could have caused the snow near the driveway to melt and then freeze on the defendants' driveway when the air temperature fell below freezing on the morning of January 25. The record reveals that the air temperature dropped below freezing at least three hours before the plaintiff arrived at the defendants' home, giving the defendants time to inspect their driveway for ice and to warn the eighty-nine year old plaintiff of the ice. Accordingly, we conclude that the jury reasonably could have found that the defendants had constructive notice of their icy driveway because "in the performance of a reasonable duty to inspect the premises the defendants would have discovered the defective condition which caused the plaintiff's fall in ample time to remedy it before the accident . . . ." *Sheehan* v. *Sette*, 130 Conn. 295, 297, 33 A.2d 327 (1943).

## B

The defendants also claim that the jury reasonably could not have found that the defendants breached a duty of care to the plaintiff. We disagree.

As noted previously, we conclude that the jury reasonably could have found that the defendants had constructive notice of their icy driveway. The defendants, therefore, had a duty to warn the plaintiff of the ice or had a duty to take reasonable steps to remedy the icy condition. The record reveals that the defendants neither warned the plaintiff, nor remedied the icy condition because the defendants did not call the plaintiff or put sand or salt over the ice. Accordingly, we conclude that the jury reasonably could have found that the defendants breached their duty of reasonable care to the plaintiff.

## II

The defendants' final claim is that the trial court improperly refused to charge the jury that (1) the snow and ice on the defendants' driveway were not evidence of the defendants' breach of duty and (2) there is no legal duty to warn an invitee of a dangerous condition already known to the invitee.

Even though the defendants claim that the trial court's jury instructions were improper, they have failed to furnish us with any portion of the transcript as part of the record of their appeal. "It is the responsibility of the appellant to provide an adequate record for review . . . ." Practice Book § 60-5. "When error is claimed in the charge to the jury, the brief or appendix shall include a verbatim statement of all relevant portions of the charge and all relevant exceptions to the charge. . . . Evidence relevant to the claimed error shall be recited in narrative form with appropriate references to the page or pages of the transcript." Practice Book § 67-4;

*Housing Authority* v. *Pine Assn., Inc.,* 13 Conn. App. 489, 491, 537 A.2d 526 (1988). Because the defendants have failed to provide us with transcripts of the trial court's instructions, we cannot determine whether they were sufficient to guide the jury. Accordingly, we decline to address the defendants' claim.

The judgment is affirmed.

In this opinion SULLIVAN, J., concurred.

LANDAU, J., dissenting. On appeal, the defendants claim that the trial court improperly (1) failed to set aside the verdict because the plaintiff did not prove that the defendants (a) had either actual or constructive notice of the icy condition that caused the plaintiff to fall and (b) breached any duty of care alleged in the complaint and (2) instructed the jury by refusing to charge (a) that finding ice on the driveway did not establish a breach of the defendants' duty of care and (b) that there is no legal duty to warn an invitee of a danger of which he is aware. I respectfully dissent from the majority's opinion because the plaintiff failed to produce evidence that the defendants had constructive or actual notice of the icy condition of their driveway, that they had a duty to warn the plaintiff and that they failed to remedy the icy condition. The trial court, therefore, improperly failed to grant the defendants' motion to set aside the verdict.

Paragraph six of the plaintiff's complaint alleges: "The defendants' negligence and carelessness caused the plaintiff's injuries in that: (a) they failed to inspect the premises and discover and remedy its dangerous condition; (b) they knew or should have known of the dangerous condition caused by the accumulation of ice and snow and should have remedied the same yet they failed to do so; (c) they failed to warn the plaintiff of the dangerous condition caused by the accumulation of ice and snow in that portion of the subject premises

where the plaintiff fell; (d) they failed to clear the accumulation of ice and snow in the vicinity of the plaintiff's fall thereby causing a hazardous condition to exist; and (e) they failed to sand, salt or remove the ice and snow in that portion of the subject premises where the plaintiff fell."

Only the plaintiff testified as to the condition of the driveway and how he fell. Although no one telephoned the plaintiff to tell him that there was ice on the driveway, the plaintiff himself saw icy spots on the driveway when he arrived. There was snow on the ground adjacent to the driveway. The day before the incident, the highest temperature was forty-three degrees at Bradley Airport. On January 25, 1994, the day of the plaintiff's fall, the temperature at Bradley Airport was above freezing prior to 7 a.m., thirty-one degrees Fahrenheit between 7 and 10 a.m., and above freezing for the remainder of the daylight hours. The plaintiff presented no evidence as to when the temperature in Manchester fell below freezing. He presented no evidence that the defendants knew that the temperature fell below freezing at Bradley Airport or in Manchester, as to when the ice on the defendants' driveway formed, or that the defendants did not inspect their driveway or that they did not attempt to remedy the icy situation. In fact, when the plaintiff testified, his counsel did not even ask him whether there was salt or sand on the driveway. The plaintiff did not call the defendants as witnesses to present evidence as to whether they knew the temperature, whether they, in fact, inspected the driveway at a particular time and whether any ice was present.

"There are serious constitutional issues posed by setting aside a jury verdict. This is so because the [l]itigants have a constitutional right to have issues of fact decided by the jury. . . . The right to a jury trial is fundamental in our judicial system, and . . . the right is one obviously immovable limitation on the legal discretion of

the court to set aside a verdict, since the constitutional right of a trial by jury includes the right to have issues of fact as to which there is room for reasonable difference of opinion among fair-minded [people] passed upon by the jury and not by the court. . . . Accordingly, a court should move cautiously in deciding to set aside a jury's verdict." (Citations omitted; internal quotation marks omitted.) *Zarrelli* v. *Barnum Festival Society, Inc.*, 6 Conn. App. 322, 326, 505 A.2d 25, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986). "However, it is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the evidence." (Citations omitted; internal quotation marks omitted.) Id., 327.

For the plaintiff to recover from the defendants for their breach of duty owed to him as an invitee, he had to prove that the defendants "either had actual notice of the presence of the specific unsafe condition which caused [his] fall or constructive notice of it. *White* v. *E & F Construction Co.*, 151 Conn. 110, 113, 193 A.2d 716 [1963]; *Morris* v. *King Cole Stores, Inc.*, 132 Conn. 489, 492, 45 A.2d 710 [1946]. The plaintiff made no claim of any actual notice but relied on a claim of constructive notice, that is, that the situation had existed for such a length of time that, had the [defendants] exercised reasonable supervision of [their] premises, [they] would have known of its existence. We have repeatedly stated that the notice, whether actual or constructive, must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it. *White* v. *E & F Construction Co.*, supra, 114; *New Britain Trust Co.* v. *New York, N.H. & H.R. Co.*, 145 Conn. 390, 393, 143 A.2d 438 [1958]; *Drible* v. *Village Improvement Co.*, 123 Conn. 20, 23, 192 A. 308 [1937]. On a question of notice, the trier's consideration must

be confined to the defendant's knowledge and realization of the specific condition causing the injury, and such knowledge and realization cannot be found to exist from a knowledge of the general or overall conditions obtaining on the premises. *Krause* v. *Almor Homes, Inc.*, 149 Conn. 614, 618, 183 A.2d 273 [1962]." *Monahan* v. *Montgomery*, 153 Conn. 386, 390, 216 A.2d 824 (1966); see also *Fuller* v. *First National Supermarkets, Inc.*, 38 Conn. App. 299, 301, 661 A.2d 110 (1995); *LaFaive* v. *DiLoreto*, 2 Conn. App. 58, 60, 476 A.2d 626, cert. denied, 194 Conn. 801, 477 A.2d 1021 (1984).

The burden is on the plaintiff to prove his case, not for the defendants to disprove it. See *Epstein* v. *Automatic Enterprises*, 6 Conn. App. 484, 489, 506 A.2d 158 (1986). With respect to the question of notice, the plaintiff's entire case rests on circumstantial inferences that he hoped the jury would make, i.e., that because the weather was warm the day before his fall, the snow melted onto the driveway and froze that morning and that the defendants should have known about it. On the basis of my review of the plaintiff's testimony, I conclude that there is no way the jury reasonably and legally could reach the conclusion that the defendants breached the duty of care that they owed the plaintiff. The plaintiff failed to produce any evidence that the defendants knew of the actual defect, namely, the ice on their driveway, on the morning the plaintiff fell. He failed to produce any evidence that the defendants knew that there was water on the driveway, that they knew it was cold enough to cause water to freeze and that they, therefore, should have inspected the driveway for ice. See *Markee* v. *Turner*, 140 Conn. 701, 704–705, 103 A.2d 533 (1954).

Furthermore, it is undisputed that the plaintiff knew of the ice on the driveway when he drove his automobile onto it. "The possessor of land has no duty to warn an invitee of a dangerous condition when the invitee has

actual knowledge of the condition. . . . The failure to warn an invitee of something he already knows is without legal significance." (Citations omitted.) *Warren* v. *Stancliff,* 157 Conn. 216, 220, 251 A.2d 74 (1968). "Warning an invitee against dangers which are either known to him or are so obvious to him that he may be expected to discover them is unnecessary. 65 C.J.S. 768–70, Negligence, § 63 (53); Restatement (Second), 2 Torts § 343A and comment (e)." *Warren* v. *Stancliff,* supra, 222 (*Alcorn, J.,* dissenting).

I conclude, on the basis of the allegations of the plaintiff's complaint, the evidence he produced at trial and the law, that there was insufficient evidence to prove that the defendants had actual or constructive knowledge of ice on their driveway, that they had reason to warn the plaintiff because he was aware of the ice and that they did not inspect their driveway or failed to remedy the icy condition. The trial court, therefore, improperly denied the defendants' motion to set aside the verdict.

Accordingly, I would reverse the judgment and remand the case to the trial court with directions to set aside the verdict and to render judgment in favor of the defendants.