[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT ON COMPLAINT (#115) AND MOTION FOR SUMMARY JUDGMENT ON THIRD PARTY COMPLAINT (#114)
The plaintiff, Elaine B. McKeone, brought this negligence action on October 14, 1998, alleging that the defendant, Homeplace Stores Two, Inc. (Homeplace), failed to inspect, maintain, or take precautions to protect the public from a dangerous condition existing on the walkway to its front entrance. Homeplace subsequently filed an apportionment complaint and a third party indemnification complaint against the third party defendant, Manchester I-84 Associates Limited Partnership (Manchester I-84). The plaintiff then filed a separate negligence action against Manchester I-84. On January 18, 2000, the court, Berger, J., granted the plaintiff's motion to consolidate these two actions. Homeplace now moves for summary judgment against the plaintiff and Manchester I-84. CT Page 5866
The plaintiff alleges that on May 23, 1998, while walking from the parking lot to Homeplace's store, she was injured due to an unmarked, raised walkway at the main entrance to the store. The plaintiff further alleges that the condition existed for a long period of time and that Homeplace was negligent by essentially not providing a safe approach to the store for ingress and egress. In the third party complaint, Homeplace alleges, in count one, contractual indemnification pursuant to a lease agreement with Manchester I-84 and, in count two, common law indemnification based on an active-passive negligence theory.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, ___ A.2d ___ (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The moving party must show the lack of any genuine issue of material fact. See Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820
(1998).
 I MOTION FOR SUMMARY JUDGMENT ON THE PLAINTIFF'S COMPLAINT
Homeplace seeks summary judgment on the ground that it did not possess or control the premises on which the plaintiff fell. Specifically, Homeplace argues that pursuant to the lease, Manchester I-84 retained possession and control of the common areas. The plaintiff contends that the lease is ambiguous as to who controls the entryway where the plaintiff fell and therefore there is a genuine issue of material fact.
"A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." (Internal quotation marks omitted.) Corcoran v. Jacovino, 161 Conn. 462, 465, 290 A.2d 225 (1971). "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe." Morin v.Bell Court Condominium Assn., Inc., 223 Conn. 323, 327, 612 A.2d 1197
(1992); see also Gulycz v. Stop Shop Cos., 29 Conn. App. 519, 521,615 A.2d 1087, cert. denied, 224 Conn. 923, 618 A.2d 527 (1992). "An CT Page 5867 occupier of land is chargeable with constructive notice of defects when dealing with invitees." Kurti v. Becker, 54 Conn. App. 335, 338,733 A.2d 916, cert. denied, 251 Conn. 909, 739 A.2d 1248 (1999). "The controlling question in deciding whether the defendants had constructive notice of the defective condition is whether the condition existed for such a length of time that the defendants should, in the exercise of reasonable care, have discovered it in time to remedy it." Cruz v.Drezek, 175 Conn. 230, 238-39, 397 A.2d 1335 (1978). "What constitutes a reasonable length of time is largely a question of fact to be determined in the light of the particular circumstances of each case." Id., 239.
The close proximity of the alleged defective walkway to the entrance of Homeplace and the alleged length of time it existed is sufficient to impose a duty on the defendant. See Ford v. Hotel Restaurant Employees Bartenders Union, 155 Conn. 24, 34-35, 229 A.2d 346 (1967); see alsoDesy v. Dominick, Montano, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 516197 (February 15, 1995,Corradino, J.) (13 Conn.L.Rptr. 483). It is for the jury to determine whether Homeplace satisfied that duty. Furthermore, there exists a question of fact as to whether Homeplace had actual or constructive knowledge of the alleged defect in the walkway. Accordingly, the motion for summary judgment on the plaintiff's complaint is denied.
 II MOTION FOR SUMMARY JUDGMENT ON THE THIRD PARTY COMPLAINT
Homeplace also seeks summary judgment on its third party indemnification complaint on the ground that Manchester I-84 had a contractual duty to indemnify Homeplace based on the lease.[1]
Manchester I-84 contends that Homeplace is at fault and that, under lease provision 14.1(b), it is not obligated to indemnify.
The lease agreement, dated August 19, 1994, specifically defines the rights and obligations of Homeplace and Manchester I-84 with respect to indemnification. Lease provision 14.1(b) provides for indemnification as follows: "Landlord shall indemnify and hold Tenant harmless from any and all claims, damages, liabilities and expenses (including attorneys' fees and costs) for damage or injury to Tenant or any other person or any property occurring on the Common Areas, or any part thereof, unless caused by the acts or omissions of Tenant, it agents, employees, or independent contractors."
The jury will be asked to make a factual determination as to the negligence of Homeplace. Whether and when Homeplace's cause of action in CT Page 5868 indemnification accrues is dependent on the resolution of the plaintiff's negligence complaint. See Sivilla v. Philips Medical Systemsof North America Inc., 46 Conn. App. 699, 711, 700 A.2d 1179 (1997). The motion for summary judgment on the third party complaint is premature as there remains a question of fact as to the negligence of Homeplace. Consequently, the court declines to rule on the issue of whether Manchester I-84 is obligated to indemnify Homeplace under the circumstances of this case, and the motion for summary judgment is denied.
 CONCLUSION
There is a genuine issue of material fact as to whether Homeplace violated the duty it owed to the plaintiff, and, therefore, Homeplace's motion for summary judgment on the complaint is denied. As Homeplace's cause of action for indemnification is contingent upon the factual determination of Homeplace's own negligence, if any, the motion for summary judgment on the third party complaint is denied.
Hennessey, J.