[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, Olive Hats, claims that as a result of the negligence of defendant, The Stop and Shop Supermarket Company ("Stop and Shop"), she slipped and fell and injured her knee.
 DISCUSSION
Harris was a business invitee when she went on the Stop and Shop premises. "The distinction between one who is an invitee and one who is merely a licensee turns largely on whether the visitor has received an invitation, as opposed to permission, from the possessor of land to enter the land or remain on the land. "Mere permission, as distinguished from invitation, is sufficient to make the visitor a licensee but it does not make him an invitee." Kurti v. Becker, 54 Conn. App. 335, 338 (1999). An invitation is implied when a person goes upon the land of another for their mutual benefit. "A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealing with the possessor of land." Kurti v. Becker,54 Conn. App. 335, 338 (1999). Plaintiff went to the premises for a purpose connected with business dealings and to purchase items which resulted in a mutual benefit to the parties. Accordingly, the court finds that the plaintiff was a business invitee upon the premises.
"In general, there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e. trespasser, licensee or invitee . . . possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover. . . . (citations omitted)". Kurti v. Becker, supra at 338.
Harris has failed to prove that the defendant failed to reasonably inspect and maintain the premises in order to render them reasonably safe and failed to warn the plaintiff of dangers that she could not reasonably CT Page 4504 be expected to discover. There were three mats on the floor and two cones with caution warnings on them in the area where Hats slipped and fell.
Additionally, for the plaintiff to recover from the defendant for breach of duty, she has to prove defendant "knew of the unsafe condition, or was chargeable with notice of it, because had it exercised a reasonable inspection of the premises, it would have known of the condition." White v. EF Construction Co., 151 Conn. 110, 113 (1963).
Hats admitted that she had no proof that defendant was aware of any water on the floor. There was also no evidence presented as to how long any water was on the floor. Accordingly, plaintiff has failed to prove that defendant knew or had constructive notice of the unsafe condition.
Because plaintiff has failed to sustain her burden of proof judgment will enter for the defendant.
 ___________________ CHASE T. ROGERS SUPERIOR COURT JUDGE