[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT
The plaintiff, Nicola Ricketts, brings this action sounding in negligence against the defendants, Jeffrey and Kimberly Sheresky (collectively, the Shereskys) and Kryzysztof Suchocki d/b/a Twins Painting (Twins Painting). The plaintiff alleges the following pertinent facts. At the time of the alleged incident, the plaintiff was employed as a live-in nanny by the Shereskys. The Shereskys, who owned and controlled CT Page 9989 the premises where the alleged incident occurred, hired Twins Painting to perform certain interior painting and repair work on the premises. On August 12, 1999, the plaintiff proceeded to descend the interior stairway (the stairway) in order to perform work in the kitchen which was located downstairs. The plaintiff alleges she tripped and fell down the entire stairway with great force as a result of the existence and placement of a drop cloth which created a defective and unsound condition on the stairway. In count two, the plaintiff alleges that she sustained serious injuries as a result of the Shereskys' negligence, carelessness and recklessness in failing to maintain the stairway in a safe and sound condition.
The Shereskys filed a cross-complaint against Twins Painting seeking indemnity, alleging that any damages the plaintiff sustained were proximately caused by the negligence of Twins Painting. The Shereskys allege that Twins Painting controlled the placement and maintenance of the drop cloth at issue and furthermore, that the Shereskys did not know of Twins Painting's alleged negligence, had no reason to anticipate it, and could reasonably rely on Twins Painting not to be negligent. Consequently, the Shereskys seek indemnity from Twins Painting for any judgment entered against them in favor of the plaintiff
The Shereskys moved for summary judgment as to count two of the plaintiff's complaint on the grounds that: (1) the Shereskys did not have control of the area because Twins Painting, as the independent contractor, controlled the area where the plaintiff fell as well as the instrumentality allegedly causing the plaintiff to fall; and alternatively, (2) the Shereskys did not have actual or constructive notice of the allegedly defective condition which caused the plaintiff to fall. Consequently, the Shereskys argue that there is no genuine issue of material fact in dispute and summary judgment should be granted as a matter of law. The plaintiff responds that there is a genuine issue of material fact in dispute as to: (1) whether Twins Painting retained exclusive control of the area; and (2) whether the Shereskys had notice of the defective condition of the area.
The Shereskys have also moved for summary judgment on their cross-complaint against Twins Painting on the ground that Twins Painting had exclusive control over the area where the plaintiff fell as well as the drop cloth which allegedly caused her to fall. The Shereskys argue that there is no genuine issue of material fact in dispute and summary judgment should be granted as a matter of law. Twins Painting responds that it did not have exclusive control over the area where the plaintiff fell and therefore, there is a genuine issue of material fact in dispute and summary judgment should be denied. CT Page 9990
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
As a preliminary matter, the court notes that both the plaintiff and Twins Painting have attached uncertified deposition testimony to their respective opposition memoranda. This court has previously stated that "the court cannot consider the uncertified deposition testimony for the purposes of [a] motion for summary judgment because the transcript is not independently admissible as evidence and it fails to comply with the requirements of the Practice Book." (Internal quotation marks omitted.)Hyman v. Garced, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153421 (November 9, 1998, D'Andrea, J.); see alsoPishnov v. Lewis, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 123598 (June 20, 1995, D'Andrea, J.). Consequently, the court will not examine the uncertified deposition testimony provided by the plaintiff and Twins Painting in deciding these motions for summary judgment.
Furthermore, the court notes that the Shereskys have attached affidavits and certified deposition testimony to their memoranda. The Appellate Court has held that "[a] response to a question propounded in a deposition is not a judicial admission." Esposito v. Wethered,4 Conn. App. 641, 645, 496 A.2d 222 (1985). The Appellate Court, however, has not conclusively established whether courts may nevertheless consider deposition testimony in deciding motions for summary judgment. See Schratwieser v. Hartford Casualty Ins. Co., 44 Conn. App. 754, 756
n. 1, 692 A.2d 1238, cert. denied, 241 Conn. 915, 696 A.2d 340 (1997) (allowing the trial record to stand "without ruling on the propriety of deposition testimony when submitted with a motion for summary judgment."); Collum v. Chapin, 40 Conn. App. 449, 450 n. 2, 671 A.2d 1329
(1996) (upholding the trial court's consideration of deposition testimony on a motion for summary judgment "in the absence of contradictory competent affidavits that establish a genuine issue as to a material fact."). "Whether to admit deposition testimony into evidence is within CT Page 9991 the discretion of the trial court." Oberdick v. Allendale MutualInsurance Co., Superior Court, judicial district of New Haven, Docket No. 283004 (August 25, 1993, Celotto, J.) (9 Conn. L. Rptr. 607, 608), citing Farrell v. St. Vincent's Hospital, 203 Conn. 554, 564-65,525 A.2d 954 (1987). Consequently, this court will examine the certified deposition testimony attached by the Shereskys in deciding their motions for summary judgment.
The plaintiff and Twins Painting have not supported their opposition memoranda with any supporting affidavits or other documentation. "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book § 17-45], must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." (Emphasis omitted; internal quotation marks omitted.) Harvey v.Boehringer Ingelheim Corp., 52 Conn. App. 1, 8, 724 A.2d 1143 (1999). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof" HeymanAssociates No. 1 v. Ins. Co. of Pennsylvania, supra, 231 Conn. 795. Therefore, the court will only examine the documentary evidence provided by the Shereskys in deciding the motions for summary judgment.
The motion for summary judgment as to count two of the plaintiff'scomplaint
First, the court will address the Shereskys' motion for summary judgment as to count two of the plaintiff's complaint. The Shereskys argue that Twins Painting assumed control over the stairway area, as well as the drop cloth, and moreover, that the Shereskys did not supervise or tell Twins Painting how to do their work. (Shereskys' memorandum (4/30/01); Exh. C, Aff. J. Sheresky, ¶¶ 6, 11; Exh. D, Aff. K. Sheresky, ¶¶ 6, 11.) Consequently, the Shereskys argue that they did not breach any duty owed to the plaintiff. The plaintiff responds that during the time when Twins Painting was doing work on the premises, the Shereskys continued to control and use the premises.
The court acknowledges that "[t]he general rule is that where the owner of premises employs an independent contractor to perform work on them, the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work. . . . The basic premise is that the assumption and exercise of control over the offending area is deemed to be in the independent contractor." (Citations omitted.) Darlingv. Burrone Bros., Inc., 162 Conn. 187, 196, 292 A.2d 912 (1972). However, "[w]here the evidence is such that the minds of fair and CT Page 9992 reasonable persons could reach but one conclusion as to the identity of the person exercising control, the question is one for the court but, if honest and reasonable persons could fairly reach different conclusions on the question, then the issue should properly go to the jury for their determination." Id., 192.
In the present case, the Shereskys argue that their supporting affidavits and deposition testimony demonstrate that there is no genuine issue of material fact in dispute that Twins Painting had exclusive control of the drop cloth and area where the plaintiff fell as well as that the Shereskys did not control the means or methods of Twins Painting's work. See Shereskys' memorandum (4/30/01); Exh. A., Suchocki Dep., pp. 17, 32-34; Exh. B., Orlowski Dep., pp. 29-31; Exh. C., Aff. J. Sheresky, ¶¶ 8-11; Exh. D., Aff. K. Sheresky, ¶¶ 8-11. The court finds, however, that the deposition testimony of Orlowski also states that Twins Painting "[needed] to arrange matters according to the wishes of the owner," and that "[a]s a rule the owners tell us where to paint." (Shereskys' memorandum (4/30/01); Exh. B., Orlowski Dep., p. 22.) Suchocki's deposition testimony concurs with that of Orlowski when Suchocki states that it was not his decision to determine which areas of the house should be painted, but rather, the Shereskys' decision, and that only when the Shereskys decided which room was to be painted did Twins Painting go about painting that room. (Shereskys' memorandum (4/30/01); Exh. A., Suchocki Dep., pp. 33-34.) The court finds that reasonable persons could fairly reach different conclusions on the question of control, and therefore, the issue should properly go to the jury. See Darling v. Burrone Bros., Inc., supra, 162 Conn. 192.
Moreover, the question of exclusive control is ordinarily one for the trier of fact. Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573,452 A.2d 117 (1982). "Because the question of control over the premises is a question of fact and involves the intent of the defendant, it should be resolved by the jury." (Internal quotation marks omitted.) Colangelov. Main Street Development, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 066498 (August 9, 2000, Grogins,J.) (27 Conn. L. Rptr. 627, 628). "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. DickmontPlastics Corp., 229 Conn. 99, 111, 639 A.2d 507 (1994). The court finds that because there is a genuine issue of material fact in dispute as to whether the Shereskys retained control of the premises, the Shereskys' motion for summary judgment as to count two cannot be granted on this ground.
Next, the court will examine the Shereskys' alternative argument that CT Page 9993 they did not have actual or constructive notice of the allegedly defective condition which caused the plaintiff to fall and therefore, are not liable as a matter of law for the plaintiff's injuries. See Shereskys' memorandum (4/30/01); Exh. A., Suchocki Dep., pp. 22-23; Exh. B., Orlowski Dep., pp. 24, 28-29, 31; Exh. C., Aff. J. Sheresky, ¶¶ 13, 14-16; Exh. D., Aff. K. Sheresky, ¶¶ 13, 14-16. The plaintiff responds that the Shereskys hired Twins Painting and directed Twins Painting to paint the stairway. Moreover, the plaintiff argues that the painters had been working for some time prior to the incident. The plaintiff concludes, therefore, that it is not reasonable for the Shereskys to assert that they had no notice of the defective condition in the stairway area and therefore, that there is a genuine issue of material fact in dispute.
As a general rule, "a property owner has a duty to keep the premises under his control in reasonably safe condition for [its] anticipated use." (Internal quotation marks omitted.) Murphy v. Eddinger, Superior Court, judicial district of Middlesex at Middletown, Docket No. 086973 (November 30, 1999, Robaina, J.). But before the court will hold the owner responsible for the failure to maintain the premises under his control in a safe manner, the owner must have actual or constructive notice of the specific defect that allegedly caused the plaintiff's injuries. Kurti v. Becker, 54 Conn. App. 335, 339, 733 A.2d 916, cert. denied, 251 Conn. 909, 739 A.2d 1248 (1999). In the present case, the court finds that when asked if he told the Shereskys not to walk on the drop cloths, Orlowski stated in his deposition that "[w]hen someone was passing along as a rule I would tell them to be careful." The court finds, therefore, that it is a question for the trier of fact as to whether this caution by Orlowski to the Shereskys is enough to constitute actual notice of an allegedly defective or dangerous condition. See Amosv. Scagliola, Superior Court, judicial district of New Britain at New Britain, Docket No. 484604 (October 25, 2000, Shapiro, J.) (court denied defendant's motion for summary judgment holding that whether defendant had actual or constructive notice of alleged defective condition was question of fact to be resolved at trial). Moreover, where claims of negligence are involved, a summary disposition may be inappropriate. "Summary disposition is especially ill-adopted to negligence cases, where the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . The conclusion of negligence is necessarily one of fact." (Internal quotation marks omitted.) Delgadov. Samuleman, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 068285 (September 14, 2000, Arnold, J.), citingMichaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975). Accordingly, the Shereskys' motion for summary judgment as to count two of the plaintiff's complaint is denied. CT Page 9994
The motion for summary judgment as to the cross-complaint
Finally, the court will address the Shereskys' motion for summary judgment as to their cross-complaint against Twins Painting. In order to establish a cause of action for common law indemnity, the moving party must demonstrate and prove: "(1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [the defendant's], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation to the exclusion of [the defendant]; and (4) that [the defendant] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Internal quotation marks omitted.) Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 698,694 A.2d 788 (1997).
In the present case, this court has already determined that there is a genuine issue of material fact in dispute as to whether Twins Painting had exclusive control of the stairway area where the plaintiff fell, the third element of their common law indemnity claim. The Shereskys have, therefore, not met their burden of showing the absence of any genuine issue of material fact in dispute; see Appleton v. Board of Education,
supra, 254 Conn. 209; and their motion for summary judgment as to their cross-complaint must be denied.
In summary the Shereskys' motion for summary judgment as to count two of the plaintiff's complaint is denied, and their motion for summary judgment as to their cross-complaint against Twins Painting is also denied.
D'ANDREA, J.T.R.