[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is an action for negligence and loss of consortium brought by the plaintiffs, Petros Papachristou and Parthena Papachristou against the defendants George Ethes and Angelos Improglou for injuries sustained by Petros Papachristou.[1] At the time of the accident, the plaintiff was working at Improglou's residence (the premises)as a carpenter, and Ethes was working there as a home improvement contractor. The plaintiff was standing twenty feet above the ground on a plank supported by three ladders of varying heights (the scaffold) when he fell to the ground. CT Page 16147
In the second count of the amended complaint the plaintiff asserts a negligence claim against Improglou. He alleges that Improglou was responsible for the maintenance, safety and control of the premises and is therefore liable for the plaintiff's injuries. Furthermore, the plaintiff alleges that Improglou is liable because he had notice and knowledge of a defective condition on the premises, ie., the scaffold. Improglou moves for summary judgment on the plaintiff's negligence count against him on the ground that he owed no duty to the plaintiff and therefore, he cannot be found negligent.
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381,385-86, 752 A.2d 503 (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." 2830 Whitney Avenue Corp. v. HeritageCanal Development Associates, Inc., 33 Conn. App. 563, 567, 636 A.2d 1377
(1994). A party's conclusory statements "in the affidavit and elsewhere . . . do not constitute evidence sufficient to establish the existence of disputed material facts." Gupta v. New Britain General Hospital,239 Conn. 574, 583, 687 A.2d 111 (1996).
Improglou argues that summary judgment is proper because issues of law, including whether he owed a duty to the plaintiff, can be determined on summary judgment. Improglou asserts that he owed no duty to the plaintiff because he was not in control or possession of the area of the premises where the plaintiff was injured.
In response, the plaintiff argues that the motion for summary judgment should be denied for various reasons. The court will address the two arguments raised by the plaintiff which the court finds dispositive. First, the plaintiff argues that issues of negligence should not be resolved on a motion for summary judgment. Second, the plaintiff asserts that there is a question of material fact as to whether Improglou breached his duty of reasonable care to the plaintiff, a business invitee.
As a preliminary matter, the court notes that "[u]ncertified copies of CT Page 16148 documents to which no affidavit exists attesting to their authenticity . . . do not constitute proof of documentary evidence for purposes of a motion for summary judgment." (Internal quotation marks omitted.)Grechika v. Liberty Mutual Fire Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 159540 (July 5, 2001, Doherty, J.); see also Ricketts v. Sheresky, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 175446 (July 26, 2001,D'Andrea, J.); Lake v. Whelan, Superior Court, judicial district of Danbury, Docket No. 337163 (January 29, 2001, Moraghan, J.). Consequently, the court will not examine the uncertified deposition testimony provided by the plaintiff and Improglou in deciding this motion for summary judgment.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). "Recovery of damages in negligence requires proof by a fair preponderance of the evidence that the actor owed a duty of care to the victim, which was breached by the actor's failure to meet the standard of care arising therefrom and that the breach was the proximate cause of actual harm suffered by the victim." Coburn v. Lenox Homes, Inc., 186 Conn. 370, 372, 441 A.2d 620
(1982). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). This is so because summary judgment "is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact. . . ." (Internal quotation marks omitted.)Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975).
In the amended complaint, the plaintiff alleges that he was a business invitee on Improglou's premises. "A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealing with the possessor of land." (Internal quotation marks omitted.) Corcoran v. Jacovino, 161 Conn. 462, 465,290 A.2d 225 (1971); Kurti v. Becker, 54 Conn. App. 335, 338, 733 A.2d 916, cert. denied, 251 Conn. 909, 739 A.2d 1248 (1999). Improglou admitted the plaintiff's status as a business invitee in his amended answer.
The duty Improglou owed to the plaintiff as a business invitee was to keep the premises in a reasonably safe condition. See Cruz v. Drezek,175 Conn. 230, 234, 397 A.2d 1335 (1978); see Tarzia v. Great Atlanticand Pacific Tea Co., 52 Conn. App. 136, 148, 727 A.2d 219 (1999), appeal CT Page 16149 dismissed, 254 Conn. 786, 759 A.2d 502 (2000). "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe." Morin v. Bell Court CondominiumAssn., Inc., 223 Conn. 323, 327, 612 A.2d 1197 (1992). "In order to hold the defendant liable for her personal injuries the plaintiff must prove 1) the existence of a defect, and 2) that the defendant knew or in the exercise of reasonable care should have known about it, and 3) that such defect had existed for such a period of time that the defendant should, in the exercise of reasonable care, have discovered it in time to remedy it." (Internal quotation marks omitted.) Martin v. Stop ShopSupermarket Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 421145 (September 22, 2000, Pittman, J.).
In order for the plaintiff to recover for the breach of a duty owed to him as a business invitee, "it [is] incumbent upon [him] to allege and prove that the defendant either had actual notice of the presence of the specific unsafe condition which caused the [plaintiff's] fall or constructive notice of it." Monahan v. Montgomery, 153 Conn. 386, 390,216 A.2d 824 (1966); see Fuller v. First National Supermarkets, Inc.,38 Conn. App. 299, 301, 661 A.2d 110 (1995). However, "[t]he possessor of land has no duty to warn an invitee of a dangerous condition when the invitee has actual knowledge of the condition. . . . Warning an invitee against dangers which are either known to him or are so obvious to him that he may be expected to discover them is unnecessary." (Citations omitted; internal quotation marks omitted.) Kurti v. Becker, supra,54 Conn. App. 344-45.
In this case, there are two genuine issues of material fact relating to whether Improglou breached his duty owed to the plaintiff. First, there is a question of fact as to whether Improglou had notice of any defective condition of the scaffold. In his affidavit, Improglou states that at the time of the plaintiff's injury, he was not aware of any hazardous or latent defects on the property. However, the plaintiff states, in his affidavit, that Improglou was aware of the deficient nature of the scaffolding, as he had observed it set up at his property during the entire week prior to the plaintiff's injury. Second, there is a question of fact as to whether the plaintiff had notice of any defective condition of the scaffold or whether such deficiencies should have been obvious to him. The court notes that there is evidence that Ethes made the decision to put up the extension part of the scaffold, and that it was Ethes who set up the extension with the plank. (Answers to Defendant's Request for Admissions ¶ 6 and 9.) Thus, the court finds that a genuine issue of material fact exists as to whether Improglou breached his duty of care.
In summary, Improglou's motion for summary judgment as to count two of the plaintiff's amended complaint is denied because issues of negligence CT Page 16150 should not be determined on summary judgment and because there are unresolved issues of material fact as to whether Improglou breached his duty of care owed to the plaintiff.
So Ordered.
D'ANDREA, J.T.R.