[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #107
On November 17, 2000, the plaintiff, Doug Balakier, filed a complaint against the defendant, Hitchcock Marine Services, Inc. (Hitchcock Marine). The plaintiff alleges that he operates a business which provides services to boat owners, and that Hitchcock Marine is the owner of certain real estate, located at 40 California Street in Bridgeport, where it maintains a business serving the needs of boat owners. The plaintiff alleges that Hitchcock Marine at all times had fill control of the premises and was responsible for security. He further alleges that on or about April, 1999, he entered into an oral agreement with Hitchcock Marine, pursuant to which he could operate a business from a building at the rear of the property, in return for providing services to Hitchcock Marine and its customers. The plaintiff alleges that it was agreed that he could keep his tools, parts and equipment in the building, and that he worked on boats inside the building. He further alleges that on or about October 30, 2000, the building was destroyed by fire outside of normal business hours, and that the fire destroyed his tools, personal property and equipment. Finally, the plaintiff alleges that the fire was caused by Hitchcock Marine's failure to provide adequate and sufficient security for the premises, and that this damaged the plaintiff.[1]
The defendant filed an answer to the complaint on June 21, 2001. In it, it denies that it is the owner of the property, that it had fill control of the premises, and that it was responsible for security. It admits that it entered into an oral agreement with the plaintiff which allowed him to occupy a building on the property, but not that this was in return for the plaintiff's services to Hitchcock Marine and its customers. It denies that Hitchcock Marine agreed that the plaintiff could keep his tools, parts and equipment in the building, or work on boats inside it, or that the tools, personal property and equipment of the plaintiff were destroyed in the fire. Finally, it denies that the fire was caused by its failure to provide adequate and sufficient security for the premises.
On September 25, 2001, Hitchcock Marine filed a motion for summary judgment, accompanied by a memorandum of law, claiming that there is no CT Page 17177 genuine issue as to any material fact and that it is entitled to judgment as a matter of law. The motion was supported by certified copies of the sworn deposition testimony of the plaintiff,[2] and copies of the police and fire departments' incident reports regarding the fire. The plaintiff has not filed any opposing affidavits or other available documentary evidence.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.)QSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 351, 773 A.2d 906
(2001). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000).
Hitchcock Marine argues in its memorandum that: it could only be liable for the loss of the plaintiff's personal property if it was a bailee of that property; the plaintiff was a licensee, not a bailor; and, because the plaintiff was a licensee, Hitchcock Marine did not breach any duty of care it had to him.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership. 243 Conn. 552, 566, 707 A.2d 15 (1998). "Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual." (Internal quotation marks omitted.) Lodge v. Arett Sales Corp., 246 Conn. 563,571, 717 A.2d 215 (1998).
"In general, there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee or invitee." Morin v. Bell Court Condominium Assn.,Inc., 223 Conn. 323, 327, 612 A.2d 1197 (1992). Hitchcock Marine argues that its duties arise from the fact that the plaintiff was a licensee, and not a bailor. "The duty that a . . . [possessor of land] owes to a CT Page 17178 licensee . . . does not ordinarily encompass the responsibility to keep the property in a reasonably safe condition, because the licensee must take the premises as he finds them." (Internal quotation marks omitted.) Id. Hitchcock Marine's contention that the plaintiff was a licensee is based on arguments in which it only distinguishes between a licensee and a bailor. It argues that because a bailment requires that the bailor relinquish possession, dominion, and control over his personal property to the bailee; Hartmann v. Black Decker Mfg. Co., 16 Conn. App. 1, 6,547 A.2d 38 (1988); and since that was not the case here,[3] it argues that the plaintiff was a licensee. However, Hitchcock Marine has not addressed the possibility that the plaintiff was a business invitee, rather than a licensee.
"A business visitor is a person who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them." (Internal quotation marks omitted.) Laube v. Stevenson, 137 Conn. 469, 473,78 A.2d 693 (1951); Hoadley v. University of Hartford, 176 Conn. 669,673, 410 A.2d 470 (1979). "The distinction between one who is an invitee and one who is merely a licensee turns largely on whether the visitor has received an invitation, as opposed to permission, from the possessor of land, to enter the land or remain on the land. Although an invitation itself does not establish the status of an invitee, it is essential to it. Mere permission, as distinguished from invitation, is sufficient to make the visitor a licensee but it does not make him an invitee." (Internal quotation marks omitted.) Kurti v. Becker, 54 Conn. App. 335,338, 733 A.2d 916 (1999), citing Corcoran v. Jacovino, 161 Conn. 462,465-66, 290 A.2d 225 (1971).
In the present case, the plaintiff alleges that he entered into an oral agreement with Hitchcock Marine, whereby he could operate a business from a building at the rear of the property that was in possession of Hitchcock Marine, in return for providing services to Hitchcock Marine and its customers. From the plaintiff's deposition testimony a factfinder could conclude that the plaintiff was a business invitee, and that he had more than mere permission to be on the premises, because he was invited to be on the premises to make it convenient for him to repair boats for the benefit of Hitchcock Marine and its customers. Deposition of Douglas Balakier, pp. 23-25. Even if the invitation was not an express invitation, "[a]n invitation is implied where one person goes upon the land of another for their mutual benefit." Guilford v. Yale University,128 Conn. 449, 453, 23 A.2d 917 (1942).
The plaintiff's allegation and deposition testimony does not settle this issue, however, because, although Hitchcock Marine admits that it entered into an oral agreement with the plaintiff which allowed him to CT Page 17179 occupy a building on the property, it does not admit that this was in return for services to Hitchcock Marine and its customers. Furthermore, Hitchcock Marine has not submitted evidence to establish that the plaintiff's occupancy of the building was not in return for his services. It is submitted, therefore, that there is a factual dispute, with regard to the intent of the parties, underlying the question of whether the plaintiff was a licensee or a business invitee.[4] "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. . . ." (Internal quotation marks omitted.) Connell v. Colwell, 214 Conn. 242, 251, 571 A.2d 116
(1990).
If the plaintiff was an invitee, then the duty to the plaintiff owed by Hitchcock Marine is accordingly greater than that owed to a licensee. "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe." Morin v.Bell Court Condominium Assn., Inc., supra, 223 Conn. 327. In light of the plaintiff's allegation that the fire was caused by Hitchcock Marine's failure to provide adequate and sufficient security for the premises, a duty not ordinarily owed to a licensee; id.; the issue whether the plaintiff was a licensee or an invitee is clearly material to whether Hitchcock Marine is entitled to summary judgment.
Because there is a factual dispute with regard to the intent of the parties to the oral agreement, which determines whether the plaintiff was a licensee or a business invitee, the motion for summary judgment is denied.
GALLAGHER, J.