[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ADDENDUM TO MEMORANDUM OF DECISION DATED MAY 10, 2002
By motion dated May 16, 2002, the defendant, Naugatuck Valley Holdings, L.L.C., (NVH) requests this court to address arguments NVH presented in its Memorandum In Reply to the Plaintiff's Objection to the CT Page 7622 Defendant's Motion for Summary Judgment. In that memorandum, NVH citesWright v. Coe Anderson, Inc., 156 Conn. 145, 239 A.2d 493 (1968), as authority for the rule that when a landowner employs an independent contractor to perform work on the premises, the contractor and not the owner is liable for any losses resulting from negligent performance of the work.[1] Because NVH was not the party who contracted with Fusco, NVH argues that "they are even further removed from liability than a property owner who hires the contractor." An exception to this general rule, however, is that the owner or occupier of premises owes invitees a nondelegable duty to "exercise ordinary care for the safety of such persons." Gazo v. City of Stamford, 255 Conn. 245, 257, 765 A.2d 505
(2001).
By the terms of the lease between NVH and Advance, NVH retained exclusive control of the common areas of 32 Rubber St., including "those portions of the Shopping Center exclusive of the Demised Premises consisting of all walkways, canopies, parking area, vehicular access ways and driveways, ingress and egress area, curbing, landscaping and pylon sign servicing the Shopping Center, and all mechanical, building and other systems and improvements located on or associated with any of the foregoing. Lease Agreement ¶ 32. The lease also provides, inter alia, that the defendant lessor agreed to maintain in good repair, at Lessor's cost subject to ¶ 32, "the roof, outer walls (which will include the bulkheads under the plate glass windows), down spouts, underground plumbing, sidewalks . . . Lease Agreement ¶ 8. The plaintiff, an invitee, alleges that she suffered injury outside the entrance of the building located at 32 Rubber St., an area of egress/ingress, which pursuant to the lease, was an area under the exclusive control of the defendant. NVH, therefore, had a nondelegable duty to keep this area reasonably free from harm.
NVH asserts that it did not contract with Pesce or Fusco and "had no knowledge of the [painting] contract work being done." By affidavit, however, Terrence Cook, an operating member of NVH, stated that he did not know of the painting until after it had commenced, and that he expressed disapproval of it. (Italics added) Viewing the evidence in the light most favorable to the nonmoving party, NVH did have knowledge of the painting, and arguably had constructive notice of the defect or hazard, a ladder in this instance. "An occupier of land is chargeable with constructive notice of defects when dealing with invitees." Kurtiv. Becker, 54 Conn. App. 335, 338, 733 A.2d 916 (1999). "The controlling question in deciding whether the defendants had constructive notice of the defective condition is whether the condition existed for such a length of time that the defendants should, in the exercise of reasonable care, have discovered it in time to remedy it." Cruz v. Drezek,175 Conn. 230, 238-39, 397 A.2d 1335 (1978). "What constitutes a CT Page 7623 reasonable length of time is largely a question of fact to be determined in the light of the particular circumstances of each case." Id., 239.
There are material issues of fact to be decided by a jury. The defendant's, NVH, Motion for Summary Judgment is denied.
___________________, J. CAROL A. WOLVEN